I'm Jonathan Grossman from Mr. Bustamante and imagine this fact pattern. There's a high-speed police chase and an officer places his police car in front of the defendant's car. The defendant's going at a high rate of speed and according to the testimony of one officer behind the defendant and the police car behind him, it looks as if the defendant drove into the police car and collided with the police car and did not break. According to another police officer, it looks like the defendant weaved from side to side and tried to figure out how to get around this patrol car that was in his way. And in this case, the defendant testified and said, once I saw the police car in front of me, I tried to steer out of the way and break, but there wasn't enough room. But he plowed into the police car. That was the case of Peoples v. Kotchin and in that case, it was found there was not substantial evidence to find that defendant guilty of assault with a deadly weapon. Driving recklessly in a high-speed chase is by definition reckless. It's a stupid thing to do. But that doesn't amount to your car being a weapon. There has to be evidence that you're intending to use that car or being prepared to use that car as a battering ram if you will. Is driving recklessly to evade arrest or to escape from pursuing police, is that a felony or a misdemeanor? It's a felony. It is a felony. So if he killed somebody while he was in that chase, it'd be felony murder. You know, the California Supreme Court just decided this in my memory, and the Attorney lower junior grade for that purpose. Well, it's certainly a felony. But, well, this this driver, this Bustamante, has a propensity for driving badly, apparently. How many of his crimes involve using an automobile as a weapon? He had two strikes that were using a car and a weapon in the sense that he was in a car. He tried to get away after burglarizing, whatever he burglarized or stole from, and there were people clustered around him and he sort of rolled forward into them. Yeah. And so that was he was he pled guilty to that, didn't he? I believe he did. Those two strikes he's not disputing. It's the two strikes that has to do with this is the one that. Right. And this is this case is a kind of a collateral attack on this conviction in state court, isn't it? No, it's not. He's convicted of hit and run and of child endangerment. Those were the convictions. The state in 1999 decided those 79 convictions amounts to assault with a deadly weapon. That was the first time that he's had a chance to really litigate this. He was originally charged with assault with a deadly weapon in 79, but that charge was later dismissed as part of his plea bargain. Whether that really was a weapon was never actually litigated. He never admitted it was a weapon. The first time they tried to prove to the trial court, you know, in a trial, that it was a weapon was in 1999. So you don't have an issue preclusion question here. Correct. Okay. Basically, the evidence that somehow this is a weapon only points to it's not a weapon. Well, he's still down trying to look for a way around the police car. That means he's trying to get around the police car. Well, the space between the where he could put his Volkswagen wasn't wide enough, apparently, so he knocked off the front pusher on the police car. Correct. But it also indicates that the space barely was wide enough or barely was not wide enough. It looks like the Volkswagen might be able to sit. And maybe if he were a couple of inches to the left or right, whatever it was, he would have actually made it through. He only hit the bumper of the police car. It wasn't as if there was pretty damning evidence, is it not? No. It shows he's trying to squeeze through a gap where he thought he could fit. Now, the fact that he was reckless at it and did not make a good decision does not mean he's using the car as a weapon. It means he's making a bad decision and trying to evade the officers. That's not assault with a deadly weapon. If you have a homicide involving motor vehicles, you have an automobile being used as a weapon. I guess it depends on the context. If you kill somebody driving an automobile and you're charged with homicide, like a vehicle manslaughter, a traffic accident, you think it's a weapon? Yeah. No, it's a traffic accident. I'm just driving down the road. Someone darts in front of me. I kill someone. That's not a weapon. I'm not using the car as a weapon. I'm in a traffic accident. By definition, it's an accident. It's not willfully using a weapon. Well, there's a lot of manslaughter cases where they treat the car as a weapon. Well, I mean, we had a case in Los Angeles the other day where the cops shot a guy who was backing into them using the car as a weapon. A person can use a car as a weapon. If I get in my car and I see you and I drive right at you because I want to run you over, it is a weapon. If I'm driving because I'm late for work and I just don't care and I'm being reckless, I'm using this as a mode of transportation. That's not a weapon. You're trying to get us to say that there's a constitutional defect because there was no intent that he was using, that he intended to use the car as a weapon when he tried to dodge around the park police car. Right. In which he didn't hurt anybody. The intent. And you're saying that because there's no evidence of his intent to use the car as a weapon, he was using the car to get away was his intent. You say that that deficit in the government's proof is a constitutional deficit because he was convicted without evidence of intent. I think if that's your position, I think your brief carries that point. The second point I wanted to point out, as I have my three and a half minutes left, is the ineffective assistance of counsel. And one point I want to make clear is I'm not saying the counsel was ineffective because she failed to foresee development of the law. But California was going to change its law on that. Right. That's not my argument. My argument is the United States Constitution provides a criminal defendant the right to defend himself. And that right existed in 1999. But is it a Strickland violation? That's what I was asking myself the other day of reading your brief. Is it a Strickland violation to fail to fail to research the law around the country and find out that most states don't and the federal government doesn't have any such law as California's? Curious and quaint rule on this point. To me, that's not the failure. The failure is the failure to realize that under Bodie v. Connecticut, under Streck v. Speck v. Patterson, Crane v. Kentucky, a person has a right to defend themselves in court. The United States Supreme Court said that. It's a right to be heard. It's a fundamental constitutional right to a large extent and even applies in civil cases. To fail to understand that is what made counsel ineffective. I don't understand the argument. You've got a California case which stands right in the way of that particular approach in this case. And he relies on it. Why — how can he be ineffective if he simply acquiesces in existing law at the time? Because the federal Constitution says otherwise. If California law said a defendant has no right to testify in a criminal trial whatsoever, I would submit to your counsel as ineffective as saying the Fifth Amendment says, through the Fourteenth Amendment, he has a right to testify. If the Constitution — Is that what we have here? That's exactly what we have here. We have a State law that purports to say that defendants have no right to testify and present a defense. State law, unconstitutional on its face? Is that what you're essentially saying? It's unconstitutional. And these apply in this situation where they're trying to use a prior — not the mere facts of the prior conviction, but facts from the underlying facts that weren't proven below or previously to try to transform a prior conviction for something that's not inherently a strike into something that is. I'll reserve the remainder of my time. Counsel, you're down about a minute. I'll reserve the remainder of my time. Oh, you will. Thank you. All right. Thank you. Counsel for the warden. May it please the Court, Peggy Ruffray, Deputy Attorney General for Respondent. On the insufficient evidence point, I'd like to remind the Court of the standard of review here, and it's whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that all of the elements were proved beyond a reasonable doubt. And we contend that because this is an ADPA case, then there is another layer of deference added onto that. I'm sure, as the Court is aware, there's no majority of the Ninth Circuit that has expressly decided that, but Judge O'Scanlan and Judge Wallace, in a dissent, have held that the ADPA should apply to these kinds of questions. And there's no exception in the statute for sufficiency of evidence claims, so we see no reason why it shouldn't apply to all constitutional claims, including under Jackson v. Virginia. And I think that standard absolutely answers the question. Of course, it's our position that under whether it's a double deference standard or simply the Jackson v. Virginia standard, a rational trier of fact could find, as the State Court did in this case. But the standard of review is critical in this case, and the State Court even noted that in raising this argument on direct appeal, the defendant seems to forget entirely the standard of review. You can draw all reasonable inferences from the circumstances surrounding the evidence, and so the State Court found here that there was sufficient evidence in the record to find evidence that the defendant intentionally drove his car toward the police officer sufficient to qualify as a strike. Oh, and the issue actually was litigated at the preliminary hearing back in 1979, because one of the charges was assault with a deadly weapon, and he was held to answer on that, although it was dismissed pursuant to the plea bargain. But you'll see at the excerpts of record at page 6 that the defense counsel did make some argument on cross-examination about whether there was intent, and then I believe there was some argument about that unsuccessfully, because he was held to answer. You want to say something about the ineffective assistance? Yes. The relevant understrict the relevant inquiry under Strickland is not what the defense attorney could have pursued, but whether the choices they made at the time were reasonable. That's from Babbitt v. Calderon. It's cited in the district court's opinion. So we have to look at this public defender's position at the time of this trial, and she was aware of the Bartow case. The prosecutor was aware of the Bartow case, and the trial court was aware of the Bartow case, which said that in litigating whether a prior conviction qualifies as a strike, both parties may look to the record of conviction but no further. And they all agreed that that was the controlling law, and that's what they proceeded under. Now, counsel was not required to make a novel argument, even though there may have been some cases out there which the Gill court did rely on. I cited an additional case in a letter yesterday, an Eighth Circuit case, Brown v. United States, which discussed this type of question. It said that even though an apprentice There are several of our own cases that say the same thing as Brown. There are, but this one in particular says that even though an apprentice type claim could have been made because, of course, new law is based on subsequent precedents. So somebody has to be the first person to make that argument, but if you are not the one to be the first person to make that argument because you feel that you are compelled by existing law, that you're constrained by that, then that's not ineffective assistance. We don't require attorneys to be the brilliant attorney who makes that novel argument in any case. We simply require the defense attorney to make reasonable choices. And it certainly was not unreasonable in this case for the public defender to believe that she was constrained by State law. And, in fact, all of the State courts in litigating this case have found that that was the applicable law. Thank you, counsel. Mr. Grossman, you have some reserve time. The problem about him being held to answer for assault with a deadly weapon is it's based purely on what a magistrate just says is essentially probable cause. And you don't necessarily need substantial evidence for it to be probable cause. It's not necessarily litigated. In other words, there's a provision for saying, for protesting later on that there wasn't actually probable cause or hit-and-run from a preliminary hearing, for example. And that's never necessarily litigated because there's a plea bargain, and essentially the prosecution dropped the charge, thinking they couldn't prove it. So being held to answer, A, doesn't necessarily mean it's a correct decision. B, doesn't mean there's substantial evidence. And, again, the problem isn't trial counsel's failure to be creative or brilliant. I don't think I'm brilliant in raising this issue before this Court. The problem is trial counsel not knowing some very fundamental aspects of due process that applies throughout the whole country. If the State had a rule that says the defendant had no right to be present, had no right to know what he's being charged against, and had no right to have an account of, well, I guess he has to have counsel. But – and obviously these are rights that he has. The State law is clearly wrong. His counsel would be filtering and unreasonable for not asserting that. I have a question for you. It has nothing to do with the merits of this case. It has to do with your briefing. You signed a certificate at the end of the case that said your brief was in 14-point face type. Do you know what that word means, or those words mean? Do you know what – What I interpret it to mean is that on the word processing, it's 14-point type. It doesn't say word processing. You see, it comes from the old printing – I know. It comes from the old form. Slugs that were put together to form the brief. And the characters are much larger on a 14-point type basis than they are on the computers who are getting things smaller and smaller and smaller. For some of us that have to wear glasses, it's getting worse and worse and worse. I apologize. My understanding was it was 14-point. I mean, I honestly thought – It may say that on the computer, but it doesn't say face type. Right? I didn't know there was a difference. You're a CIA voucher participant today. We thank you for coming. And the rules are the rules. I'm just trying to find a definition from able counsel. I apologize for the misunderstanding. Okay. Thank you, counsel. The case just argued will be submitted for decision, and the Court will adjourn.
judges: Goodwin, Beezer, O'Scannlain